Argued and submitted September 20, 1985, affirmed February 5, 1986

In the Matter of the Compensation of
John Pache, Claimant.
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Petitioner,*

*v.*

PACHE,
*Respondent.*

(83-07481; CA A34670)

713 P2d 691

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

David Hittle, Salem, argued the cause for respondent. With him on the brief was Callahan, Hittle & Gardner, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

PER CURIAM

## PER CURIAM

SAIF seeks review of an order of the Workers' Compensation Board reversing the referee's order, which had upheld SAIF's denial of claimant's aggravation claim. We affirm.

On *de novo* review, we find that claimant has established by a preponderance of the evidence that his 1980 compensable injury, which involved his head, neck and upper back, has worsened since the last award or arrangement of compensation. Claimant does not contend that his aggravation claim includes his low back condition, which arose following an off-the-job injury in 1981 and evidently has since worsened. There is no proof that the worsening of his low back condition is related in any way to the 1980 compensable injury. SAIF is responsible for only "worsened conditions resulting from the original injury." ORS 656.273(1). On the record before us, SAIF is responsible only for the worsening of claimant's head, neck and upper back injuries.

Affirmed.